```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JEROME WASHINGTON,

                    Plaintiff,
                                         MEMORANDUM AND ORDER
          -against-                      18-CV-1273(JS)(SIL)

SHERRIFF [sic] FLUDD, MS. MARINO,
License Practice Nurse; MR. KHAN,
Nurse; MS. MADOSA, License Practice
Nurse; and DR. SADAM,

                    Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:     Jerome Washington, pro se
                   18-A-0985
                   Downstate Correctional Facility
                   121 Red Schoolhouse Rd.
                   P.O. Box F
                   Fishkill, NY 12524

For Defendants:    No appearances.
```

SEYBERT, District Judge:

On February 27, 2018, incarcerated pro se plaintiff Jerome Washington ("Plaintiff") filed a Complaint in this Court pursuant to 42 U.S.C. § 1983 against Nassau County Sheriff Vera Fludd ("Sheriff Fludd"), and Ms. Marino ("Marino"), Mr. Khan ("Khan"), Ms. Madosa ("Madosa"), and Dr. Sadam ("Sadam"), who are alleged to be employed as nurses and a doctor, respectively, at the Nassau County Correctional Center (collectively, "Defendants"). (Compl. ¶ I.B. and at ECF pp. 2-3.) Accompanying the Complaint is an application to proceed in forma pauperis. (Mot., Docket Entry 2.)

Upon review of the declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED. However, for the reasons that follow, the Complaint is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(i).

THE COMPLAINT[1]

Plaintiff's sparse Complaint is submitted on the Court's Section 1983 Complaint form. In its entirety, the Statement of Claim is two sentences and alleges that, since September 5, 2017:

> They put me on Risperdal and my side effects is breast enlargement. I asked to be on another but was negated so I am filing a complaint hoping it will be of some avail.

(Compl. ¶ II.) In the space on the form complaint that calls for a description of any injuries suffered and what medical treatment,

---

[1] All material allegations in the Complaint are presumed to be true for the purpose of this Memorandum and Order. Rogers v. City of Troy, N.Y., 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a pro se complaint for sua sponte dismissal, a court is required to accept the material allegations in the complaint as true). Excerpts from the Complaint as reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

if any was required and/or provided, Plaintiff alleges, "Breast Enlargement." (Compl. ¶ II.A.) For relief, Plaintiff seeks "ten million dollars for my anguish. I'm suffering from punitive & compensatory damages." (Compl. ¶ III.)

DISCUSSION

I. In Forma Pauperis Application

Upon review of Plaintiff's declarations in support of his application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

II. Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. See id. § 1915A(b).

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d

197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

III. Section 1983

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983; accord Rehberg v. Paulk, 566 U.S. 356, 361, 132

4

S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012). To state a claim under Section 1983, a plaintiff must "'allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'" Rae v. Cty. of Suffolk, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)).

In order to state a claim for relief under Section 1983 against an individual defendant, a plaintiff must allege the personal involvement of the defendant in the alleged constitutional deprivation. Farid v. Elle, 593 F.3d 233, 249 (2d Cir. 2010). The Supreme Court held in Iqbal that "[b]ecause vicarious liability is inapplicable to . . . [section] 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." 556 U.S. at 676, 129 S. Ct. at 1948. Thus, a "plaintiff asserting a Section 1983 claim against a supervisory official in his individual capacity" must sufficiently plead that the "supervisor was personally involved in the alleged constitutional deprivation." Rivera v. Fischer, 655 F. Supp. 2d 235, 237 (W.D.N.Y. 2009). A complaint based upon a violation

under Section 1983 that does not allege the personal involvement of a defendant fails as a matter of law and should be dismissed. Johnson v. Barney, 360 F. App'x 199, 201 (2d Cir. 2010).

Here, Plaintiff's brief Complaint does not include any factual allegations sufficient to demonstrate personal involvement by any of the Defendants regarding the events alleged in the Complaint. To the extent that Plaintiff seeks to impose liability against Sheriff Fludd, it appears that Plaintiff's claim is based solely on the supervisory position she holds. Wholly absent, however, are any allegations sufficient to establish any personal involvement by Sheriff Fludd, in the conduct of which Plaintiff complains. A supervisor cannot be liable for damage under Section 1983 solely by virtue of being a supervisor because there is no respondeat superior liability under Section 1983. Richardson v. Goord, 347 F.3d 431, 435 (2d Cir. 2003). Accordingly, because Plaintiff has not alleged any factual allegations of conduct or inaction by any of the Defendants, Plaintiff's claims against the Defendants are not plausible and are DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii); 1915A(b).

IV. Leave to Amend

For the reasons set forth above, Plaintiff's Complaint--even under the very liberal reading we accord pro se pleadings--

6

does not allege a plausible claim for relief.  Given Plaintiff's pro se status, the Court GRANTS LEAVE TO FILE AN AMENDED COMPLAINT WITHIN THIRTY (30) DAYS FROM THE DATE OF THIS MEMORANDUM AND ORDER.  Any Amended Complaint shall be clearly labeled "Amended Complaint" and bear only Docket Number 18-CV-1273(JS)(SIL).  Plaintiff shall include a "short and plain statement of the claim."  FED. R. CIV. P. 8(a)(2).

To the extent that Plaintiff seeks to pursue a deliberate indifference claim, he should allege whether he is a pre-trial detainee or a convicted prisoner because, under the standard announced by the Second Circuit in Darnell v. Pineiro, 849 F.3d 17, 32-36 (2d Cir. 2017), in light of the Supreme Court's decision in Kingsley v. Henderickson, 135 S. Ct. 2466, 192 L. Ed. 2d 416 (2015), the standard for deliberate indifference depends on whether the plaintiff is a pre-trial detainee, in which case the claim arises under the Fourteenth Amendment, or a convicted prisoner, in which case the claim arises under the Eighth Amendment.

Regardless of whether Plaintiff's claims arise under the Fourteenth or Eighth Amendment, he must allege that that Defendant(s) were deliberately indifferent to a "serious medical need."  Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976) (prison officials violate the

7

constitutional rights of prisoners when they act with "deliberate indifference to serious medical needs of prisoners."). "'Because society does not expect that prisoners will have unqualified access to healthcare,' a prisoner must first make [a] threshold showing of serious illness or injury to state a cognizable claim." Moore v. Wright, 05-CV-00013, 2008 WL 4186340, *8 (N.D.N.Y. Sept. 10, 2008) (quoting Smith v. Carpenter, 316 F.3d 178, 184 (2d Cir. 2003) (internal quotation marks and citation omitted). Thus, to the extent that Plaintiff claims he suffered "breast enlargement" or gynecomastia as a side effect of Risperdal, he should include whether this "condition significantly affects daily activities" and/or whether he suffers from "chronic and substantial pain." Moore, 2008 WL 4186340 at *6 (citing Brock v. Wright, 315 F.3d 158, 162-63 (2d Cir. 2003)).

Plaintiff is advised that because an Amended Complaint completely replaces the original Complaint, all claims Plaintiff seeks to pursue against any Defendant(s) must be included in the Amended Complaint. If Plaintiff does not file an Amended Complaint within the time allowed, judgment shall enter without further notice. Alternatively, Plaintiff may pursue any valid state law claims he may have, including negligence and/or medical malpractice, in state court.

CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis is GRANTED, however the Complaint is sua sponte DISMISSED WITHOUT PREJUDICE for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). Plaintiff is GRANTED LEAVE TO FILE AN AMENDED COMPLAINT IN ACCORDANCE WITH THIS MEMORANDUM AND ORDER WITHIN THIRTY (30) DAYS FROM THE DATE AT THE BOTTOM OF THIS PAGE. If Plaintiff does not file an Amended Complaint within the time allowed, judgment shall enter without further notice. Alternatively, Plaintiff may pursue any valid state law claims he may have, in state court.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is further directed to mail a copy of this Memorandum and Order to the pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
JOANNA SEYBERT, U.S.D.J.

Dated: August __8__, 2018
 Central Islip, New York