```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JEROME WASHINGTON,

                    Plaintiff,
                                            MEMORANDUM AND ORDER
        -against-                           18-CV-1273(JS)(SIL)

SHERRIFF [sic] FLUDD; MS. MARINO,
License Practice Nurse; MR. KHAN,
Nurse; MS. MADOSA, License Practice
Nurse; and DR. SADAM,

                    Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Jerome Washington, pro se
                    18-A-0985
                    Marcy Correctional Facility
                    Box 3600
                    Marcy, NY 13403-3600[1]

For Defendants:     No appearances.

SEYBERT, District Judge:

        By Memorandum and Order dated August 8, 2018 (the "M&O"),
```

---

[1] To date, Plaintiff has not filed a Notice of Change of Address so Downstate Correctional Facility is Plaintiff's current address of record. However, on September 7, 2018 the Court received an Amended Complaint which was mailed in an envelope reflecting that Plaintiff is located at Marcy Correctional Facility ("Marcy"), Box 3600, Marcy, New York 13403-3600. In addition, according to the information maintained by the New York State Department of Corrections and Community Supervision, it appears that Plaintiff was transferred to Marcy on March 13, 2018. Thus, the Court is sending this Order to Plaintiff at Marcy and will update Plaintiff's address as a one-time courtesy. Should Plaintiff be relocated from Marcy, he must promptly file a Notice of Change of Address with the Court. Failure to do so may result in the dismissal of the case for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

the Court granted the application of incarcerated pro se plaintiff Jerome Washington ("Plaintiff") to proceed in forma pauperis and dismissed his Complaint brought pursuant to 42 U.S.C. § 1983 against Nassau County Sheriff Vera Fludd ("Sheriff Fludd"), Ms. Marino, Mr. Khan, Ms. Madosa, and Dr. Sadam (collectively "Defendants") without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(i). (See M&O, D.E. 8.) Plaintiff was granted leave to file an Amended Complaint in accordance with the guidance set forth in the M&O within thirty (30) days from the date of the M&O. On September 7, 2018, Plaintiff timely filed an unsigned, two-page document entitled "Amended Complaint" against the same Defendants. (Am. Compl., D.E. 10.) For the reasons that follow, the Amended Complaint is sua sponte DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(i). In an abundance of caution, Plaintiff is afforded one final opportunity to file a proper, signed, Amended Complaint within thirty (30) days from the date of this Order.

## THE AMENDED COMPLAINT

Plaintiff's sparse Amended Complaint is a two-page, unsigned document. The first page includes a caption naming the Defendants, is labeled "Amended Complaint", and alleges the

following in its entirety:[2]

> First & farmost I don't remember the medication I was rendered, but I know it wasn't respirdal, but I know side effects causes breast enlargement. This is violation of eighth 8th amendment which is arbitrary, capricious, inhumane, cruel & unusual punishment, which negates me due process under the 14th amendment, because I wasn't going to law library either which denounce me 5/per newspapers which my way of Islam which is islam, not a religion which is protected by the institutional reform act & my first amendment. They had or have 3/per newspaper in every maximum security which is no different than County Jails or Rikers Island.

(Am. Compl. at 1.)  The second page of the Amended Complaint is a copy of the first page of the M&O with a handwritten notation at the top that reads: "Ms Fludd Sheriff she & others reliable & responsible for doctors, nurses & admin me psyche drugs!!!"  (Am. Compl. at 2.)  In addition, next to the "Appearances" section, Plaintiff wrote "Sgt. Mr. Lossyer".  (Am. Compl. at 2.)  The Amended Complaint does not seek any relief and is unsigned.

DISCUSSION

I. Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to

---

[2] Excerpts from the Amended Complaint are reproduced here exactly as they appear in the original.  Errors in spelling, punctuation, and grammar have not been corrected or noted.

3

dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. See id. § 1915A(b).

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic

4

recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

II. Section 1983

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983; accord Rehberg v. Paulk, 566 U.S. 356, 361, 132 S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012). To state a claim under Section 1983, a plaintiff must "'allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'" Rae v. Cty. of Suffolk, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)).

In order to state a claim for relief under Section 1983 against an individual defendant, a plaintiff must allege the personal involvement of the defendant in the alleged constitutional deprivation. Farid v. Elle, 593 F.3d 233, 249 (2d Cir. 2010). The Supreme Court held in Iqbal that "[b]ecause

5

vicarious liability is inapplicable to . . . [section] 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." 556 U.S. at 676, 129 S. Ct. at 1948. Thus, a "plaintiff asserting a Section 1983 claim against a supervisory official in his individual capacity" must sufficiently plead that the "supervisor was personally involved in the alleged constitutional deprivation." Rivera v. Fischer, 655 F. Supp. 2d 235, 237 (W.D.N.Y. 2009). A complaint based upon a violation under Section 1983 that does not allege the personal involvement of a defendant fails as a matter of law and should be dismissed. Johnson v. Barney, 360 F. App'x 199, 201 (2d Cir. 2010).

Here, as is readily apparent, Plaintiff's brief Amended Complaint does not include any factual allegations sufficient to demonstrate personal involvement by any of the Defendants regarding the events alleged in the Complaint. To the extent that Plaintiff seeks to impose liability against Sheriff Fludd, it appears that Plaintiff's claim is based solely on the supervisory position she holds. Wholly absent, however, are any allegations sufficient to establish any personal involvement by Sheriff Fludd, in the conduct of which Plaintiff complains. A supervisor cannot be liable for damage under Section 1983 solely by virtue of being

6

a supervisor because there is no respondeat superior liability under Section 1983. Richardson v. Goord, 347 F.3d 431, 435 (2d Cir. 2003). Accordingly, because Plaintiff has not alleged any factual allegations of conduct or inaction by any of the Defendants, Plaintiff's claims against the Defendants are not plausible and are DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii); 1915A(b).

III. Leave to Amend

For the reasons set forth above, Plaintiff's Amended Complaint--even under the very liberal reading we accord pro se pleadings--does not allege a plausible claim for relief. Given Plaintiff's pro se status and in an abundance of caution, the Court GRANTS PLAINTIFF LEAVE TO FILE A SECOND AMENDED COMPLAINT WITHIN THIRTY (30) DAYS FROM THE DATE OF THIS ORDER. The Second Amended Complaint shall be clearly labeled "Second Amended Complaint" and bear only Docket Number 18-CV-1273(JS)(SIL). Plaintiff shall include a "short and plain statement of the claim", together with "a demand for the relief sought." FED. R. CIV. P. 8(a)(2)-(3). In addition, the Second Amended Complaint shall state Plaintiff's claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances" and shall be signed. FED. R. CIV. P. 10(b), 11(a).

7

To the extent that Plaintiff seeks to pursue a deliberate indifference claim, he should allege whether he is a pre-trial detainee or a convicted prisoner because, under the standard announced by the Second Circuit in Darnell v. Pineiro, 849 F.3d 17, 32-36 (2d Cir. 2017), in light of the Supreme Court's decision in Kingsley v. Henderickson, 135 S. Ct. 2466, 192 L. Ed. 2d 416 (2015), the standard for deliberate indifference depends on whether the plaintiff is a pre-trial detainee, in which case the claim arises under the Fourteenth Amendment, or a convicted prisoner, in which case the claim arises under the Eighth Amendment.

Regardless of whether Plaintiff's claims arise under the Fourteenth or Eighth Amendment, he must allege that Defendant(s) were deliberately indifferent to a "serious medical need." Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976) (prison officials violate the constitutional rights of prisoners when they act with "deliberate indifference to serious medical needs of prisoners."). "'Because society does not expect that prisoners will have unqualified access to healthcare,' a prisoner must first make [a] threshold showing of serious illness or injury to state a cognizable claim." Moore v. Wright, 05-CV-00013, 2008 WL 4186340, *8 (N.D.N.Y. Sept. 10, 2008) (quoting Smith v. Carpenter, 316 F.3d 178, 184 (2d Cir. 2003) (internal quotation

8

marks and additional citation omitted; alteration in original). Thus, to the extent that Plaintiff claims he suffered "breast enlargement" or gynecomastia as a side effect of Risperdal, he should include whether this "condition significantly affects daily activities" and/or whether he suffers from "chronic and substantial pain." Moore, 2008 WL 4186340 at *6 (citing Brock v. Wright, 315 F.3d 158, 162-63 (2d Cir. 2003)).

Plaintiff is advised that because the Second Amended Complaint completely replaces the original Complaint and the Amended Complaint, all claims Plaintiff seeks to pursue against any Defendant(s) must be included in the Second Amended Complaint. If Plaintiff does not file a Second Amended Complaint within the time allowed, judgment shall enter without further notice. Alternatively, Plaintiff may pursue any valid state law claims he may have, including negligence and/or medical malpractice, in state court.

## CONCLUSION

For the reasons set forth above, Plaintiff's Amended Complaint is sua sponte DISMISSED WITHOUT PREJUDICE for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). Plaintiff is GRANTED LEAVE TO FILE A SECOND AMENDED COMPLAINT IN ACCORDANCE WITH THIS ORDER WITHIN THIRTY (30) DAYS FROM THE DATE OF THIS ORDER. If Plaintiff does not file a Second

Amended Complaint within the time allowed, judgment shall enter without further notice.  Alternatively, Plaintiff may pursue any valid state law claims he may have, in state court.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is further directed to mail a copy of this Order to the pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
JOANNA SEYBERT, U.S.D.J.

Dated:   April   16  , 2019
         Central Islip, New York